# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ZENON McHUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-08658 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| TRANSPORTATION, TEAMSTERS | ) | |
| LOCAL 700, MICHAEL M. HOFFMAN, | ) | |
| individually, COLLEEN ALDERMAN, | ) | |
| individually, JOHN FORTMANN, | ) | |
| individually, GEORGINA R. SYAS | ) | |
| individually, BRUCE HARMENING, | ) | |
| individually, LISA HEAVEN-BAUM, | ) | |
| individually, and STEPHEN TRAVIA, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court are Defendant Illinois Department of Transportation's ("IDOT") and Teamsters Local 700's ("Teamsters") (collectively, "Defendants") partial motions to dismiss Plaintiff Zenon McHugh's ("McHugh") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants the Defendants' motions.

## BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the amended complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in McHugh's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

IDOT is a department of the State of Illinois that administers the state's transportation systems and activities. IDOT contains several divisions, including the Division of Highways, which oversees nine highway districts throughout the state. Two Division of Highway districts, including District One, have an Emergency Traffic Patrol ("ETP") unit that provides emergency vehicle services to the public.

An ETP unit has three shifts, each consisting of twenty drivers, three Lead Workers, and one Lead Lead Worker. McHugh, a resident of Illinois, worked for the Division One ETP unit for fifteen years, starting as a driver and working his way up to Lead Worker and, most recently, Lead Lead Worker. Upon promotion, McHugh did not receive any in-service or formal supervisory training. Instead, McHugh was trained by riding with a "senior" Lead or Lead Lead Worker and observing that supervisor's routine.

On December 16, 2014, investigators from the Office of the Executive Inspector General ("OEIG") interviewed McHugh regarding the falsification of fuel disbursement

receipts and theft at the ETP unit.[1]  McHugh was advised that the State Officials and Employees Ethics Act, 5 ILCS 430.20–70, obligated him to cooperate with the investigation, and he would be subject to discipline if he did not cooperate.  Based on the interview, the OEIG issued a report on January 19, 2016, recommending McHugh's termination.

On July 29, 2016, IDOT officials directed McHugh to attend a pre-disciplinary meeting to discuss the OEIG's report.  At the time, McHugh was a member of Teamsters, a labor organization who was the exclusive representative of the bargaining unit that included IDOT's Lead Lead Workers.  Teamsters had a collective bargaining agreement with IDOT that stated, in part, "The Employer shall not discharge or suspend any employee except for just cause."  Given that McHugh was facing possible suspension and discharge, Teamsters sent T.J. Wilcox ("Wilcox") to assist and advise McHugh with the pre-disciplinary meeting.  Wilcox told McHugh to not rebut the charges against him and assured McHugh that Teamsters would mount a full defense at arbitration.  On August 5, 2016, McHugh participated in the pre-disciplinary meeting and did not put on a defense.

On August 22, 2016, an IDOT official informed McHugh that he was being suspended pending the decision of his discharge.  That same day, Teamsters filed a

---

[1] Teamsters' motion to dismiss provides additional details about the investigation, stating that although McHugh did not engage in these unlawful activities himself, he had knowledge that they were taking place.  McHugh stated in the interview that he failed to act against the unlawful activities because he did not have time.

3

grievance on McHugh's behalf, stating that his suspension and possible termination were without just cause. About three weeks later, McHugh received notice that he was being discharged due to statements he made during the OEIG investigation. His termination went into effect on September 14, 2016.

Teamsters pursued McHugh's grievance according to the four-step grievance procedure laid out in the collective bargaining agreement. On August 30, 2017, McHugh's grievance reached the fourth and final step of the procedure without any agreed upon resolution. McHugh states that he was given little information throughout the grievance process, but he was assured that his grievance would be brought to arbitration. However, on October 23, 2017, Teamsters notified McHugh that his grievance would not be arbitrated.

McHugh filed the instant complaint on March 22, 2018, alleging violations of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983,[2] the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*, and a state law claim for Wrongful Termination. On April 3, 2018, IDOT filed a partial motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), seeking to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. On May 10, 2018, Teamsters filed a partial motion to dismiss pursuant to the same rules.

---

[2] These claims are not at issue in the instant motions.

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the jurisdictional sufficiency of the complaint, but it is otherwise "analyzed as any other motion to dismiss." *United Phosphorous Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The burden of proof lies with the proponent of jurisdiction. *Id.* The Court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

IDOT urges the Court to dismiss the counts against it in McHugh's amended complaint because: (1) the Court lacks subject matter jurisdiction since the Illinois Public Labor Relations Board ("IPLRB") has exclusive jurisdiction over collective bargaining disputes involving the State of Illinois and its agencies; and (2) McHugh's wrongful termination claim is barred by the State Lawsuit Immunity Act, 745 ILCS 5/1. Teamsters also moves to dismiss the counts against it because: (1) McHugh's breach of the duty of fair representation claim falls outside the scope of the LMRA, or alternatively, the IPLRB has exclusive jurisdiction over the claim; and (2) McHugh does not sufficiently plead breach of the duty of fair representation because he does not allege that Teamsters acted arbitrarily, discriminatorily, or in bad faith. The Court will first address the subject matter jurisdiction claims, and then evaluate the sufficiency of the amended complaint for the counts at issue.

**I. Illinois Public Labor Relations Board Jurisdiction**

The Illinois Public Labor Relations Act ("IPLRA"), 5 ILCS 315/1 *et seq.*, creates a comprehensive collective bargaining scheme for public employees and employers, including grievance procedures and remedies. To enforce this system and resolve any

dispute that may arise under it, the IPLRA created the IPLRB.[3] This Board has exclusive jurisdiction over unfair labor practice claims stemming from the IPLRA. 5 ILCS 315/5; *Carver v. Nall*, 172 F.3d 513, 516 (7th Cir. 1999) ("[T]he ISLRB has exclusive jurisdiction to hear unfair labor practice grievances of Illinois state employees.").

Both federal courts and Illinois state courts have affirmed this principle. *Matthews v. Hughes*, 2015 WL 5876567 (N.D. Ill. 2015) ("The Illinois State Labor Relations Board has exclusive jurisdiction over unfair labor practice actions brought under the IPLRA, and therefore any fair representation claim under that statute may not be heard by this court."); *Johnson v. City of Chicago*, 2010 WL 3824115 (N.D. Ill. 2010) ("[Plaintiff's] fair representation claim must be dismissed because this Court lacks subject matter jurisdiction in such cases. Indeed, in Illinois, a union's breach of its duty of fair representation constitutes an unfair labor practice and is thus subject to the Illinois Public Labor Relations Act's remedies and administrative procedures."); *Cessna v. City of Danville*, 296 Ill.App.3d 156, 165–66 (1998) ("Plaintiff alleges…that the City wrongfully discharged her…. These allegations cannot be addressed by the circuit court without interpreting the Agreement and viewing the City's alleged actions in light of this interpretation. These are matters that fall within the expertise of the Board."); *Knox v. Chicago Transit Authority*, 2018 IL App. (1st) 162265, ¶ 25 ("This

---

[3] The IPLRB consists of two panels—the State Panel ("ISLRB") and the Local Panel ("ILLRB"). 5 ILCS 315/5.

court, however, has held that Illinois Labor Relations Board has exclusive jurisdiction to determine whether the union breached its duty of fair representation.").

In his amended complaint, McHugh asserts that IDOT breached the collective bargaining agreement and that Teamsters breached its duty of fair representation. He acknowledges that these claims fall under the IPLRA because IDOT is a public employer and the claims arise out of a dispute over the collective bargaining agreement. Given that the IPLRB has exclusive jurisdiction over these types of claims, the Court must dismiss Counts XV and XVI of the amended complaint for lack of subject matter jurisdiction.

McHugh attempts to salvage jurisdiction by asserting that a "hybrid" claim for an employer's breach of a collective bargaining agreement and a union's breach of the duty of fair representation brings this case out from under the IPLRB's exclusive jurisdiction. To support this assertion, McHugh relies on *Vaca v. Sipes*, 386 U.S. 171 (1967), a case where the United States Supreme Court found concurrent jurisdiction between the National Labor Relations Board ("NLRB") and a federal court. The Court reasoned that concurrent jurisdiction was appropriate because the NLRB's General Counsel had unreviewable discretion to bring or decline an unfair labor practice action, meaning that employees could be left without adequate means of redress. *Vaca*, 386 U.S. at 182–83. This rationale does not support stripping the IPLRB of its exclusive jurisdiction over IPLRA claims, as the IPLRB allows the charging party to prosecute his or her own case, rather than the General Counsel, and the Board's decision is

appealable. Due to the IPLRA's procedural safeguards, the Court finds that the IPLRB retains exclusive jurisdiction over IPLRA claims and dismisses Counts XV and XVI.

McHugh requests that the Court grant him leave to further amend his complaint to cure the aforementioned deficiencies. Federal Rule of Civil Procedure 15 provides that courts should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts, nevertheless, have broad discretion to deny leave to amend where…amendment would be futile." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (internal quotation marks omitted). Given that McHugh's claims necessarily stem from the collective bargaining agreement and are against IDOT, no amendment would bring these counts out from under the exclusive jurisdiction of the IPLRB. Accordingly, amendment would be futile, and the Court denies leave to amend the complaint.

## II. Breach of the Duty of Fair Representation

Teamsters moves to dismiss Count XV for breach of the duty of fair representation on jurisdictional and sufficiency grounds. The Court addresses each argument in turn.

### A. Jurisdiction Over Labor-Management Relations Act Claim

The Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), gives federal district courts jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees." The LMRA incorporates the definition of the term "employer" from the National Labor Relations Act. 29 U.S.C.

9

§ 142(3). That definition specifically excludes "any State or political subdivision thereof" from the meaning of "employer." 29 U.S.C. § 152(2). The Seventh Circuit and this district have held that federal courts lack jurisdiction over LMRA suits brought against public employers or unions in agreement with public employers. *Strasburger v. Bd. of Educ., et al.*, 143 F.3d 351, 359–60 (7th Cir. 1998) (affirming district court's dismissal of LMRA claim against a union where a school board was the alleged "employer"); *Kirsch v. AFSCME Local 2645*, 2001 WL 1593140 (N.D. Ill. 2001) ("It follows from the fact that a state-government employee cannot sue her employer under the LMRA for breach of a collective bargaining agreement that she cannot sue her union for failing to represent her adequately in her claim against the employer for breach of the agreement.").

McHugh alleges that Teamsters breached its duty of fair representation based on a collective bargaining agreement with IDOT. The parties agree that IDOT is a department of the State of Illinois, making IDOT a political subdivision of the state. Given that political subdivisions are explicitly excluded from the definition of "employer," this claim falls outside the scope of the LMRA. Accordingly, the Court lacks subject matter jurisdiction over Count XV and dismisses it with prejudice because an amendment would be futile.

### B. Sufficiency of Pleadings

Alternatively, Teamsters moves to dismiss Count XV for failure to state a claim upon which relief could be granted. To sufficiently plead a breach of the duty of fair

representation claim, McHugh needs to allege that Teamsters' actions were "arbitrary, discriminatory, or in bad faith." *Cleveland v. Porca Co.*, 38 F.3d 289, 295 (7th Cir. 1994) (internal quotation marks omitted). An action is considered "arbitrary" only if it "is so far outside a wide range of reasonableness, as to be irrational." *Id*. (internal quotation marks omitted). The Seventh Circuit has emphasized that this is an "extremely deferential standard" and "mere negligence, even in the enforcement of a collective-bargaining agreement, would not state a claim for breach of the duty of fair representation." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 369 (7th Cir. 2003).

McHugh claims that Teamsters breached its duty of fair representation by advising him to not offer rebuttal evidence at his pre-disciplinary meeting, sharing little information with him throughout the grievance process, and ultimately deciding to not arbitrate his grievance despite assurances they would do so. The Seventh Circuit has held that this conduct does not rise to the level of breached duty of fair representation because it is firmly within the union's discretion whether to arbitrate a grievance. *Neal*, 349 F.3d at 369 ("The union is not obliged to take all member grievances to arbitration. Rather, it has discretion to act in consideration of such factors as the wise allocation of its own resources, its relationship with other employees, and its relationship with the employer."); *Reed v. Int'l Union of United Auto., Aerospace & Agr. Implement Workers of America*, 945 F.2d 198, 203 (7th Cir. 1991) ("For unions are traditionally accorded broad discretion in determining whether and to what extent an employee's grievance should be prosecuted. A union may act upon its reasonable interpretation of a labor

11

contract; it need not prosecute a grievance that it honestly believes lacks merit.");
*Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1196 (7th Cir. 1990) ("We have repeatedly held that employees have no absolute right to have a grievance pursued to arbitration on their behalf."). The amended complaint states that this decision was made "arbitrarily, with discriminatory intent, and in bad faith," but is notably devoid of any facts to support that conclusion. Accordingly, the Court grants Teamsters' motion to dismiss Count XV. Given that this count also lacks a jurisdictional basis, leave to amend the complaint would be futile and is denied.

### III. Sufficiency of Wrongful Termination Claim

IDOT moves to dismiss McHugh's wrongful termination claim in Count XVII of the amended complaint because it is barred by the State Law Immunity Act, 745 ILCS 5/1. This Act states that the State of Illinois cannot be made party to a lawsuit unless a limited number of exceptions apply, none of which are applicable here. *Id*. The Seventh Circuit has held that this immunity applies to state law claims brought in federal court. *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001).

McHugh's amended complaint alleges a wrongful termination claim against IDOT, which the parties agree is a department of the State of Illinois. Therefore, IDOT is immune from suit, as none of the exceptions to the State Law Immunity Act apply. McHugh attempts to get out from under this immunity in his responsive pleading by claiming that the cause of action is pursuant to the State Officials and Employees Ethics Act, 5 ILCS 430/15-10, which is exempt from the State Law Immunity Act. However,

12

the amended complaint states, "The claims against Defendants are…a state law claim for Wrongful Termination." Moreover, Count XVII of the amended complaint is titled "Wrongful Termination." Therefore, the Court cannot find that the amended complaint stated a cause of action under the State Officials and Employees Ethics Act and grants IDOT's motion to dismiss. However, the Court grants McHugh leave to amend the complaint to bring an alternative cause of action under the proper act.

## CONCLUSION

For the aforementioned reasons, the Court grants the Defendants' motions to dismiss. It is so ordered.

Dated: 3/12/2019

_____
Charles P. Kocoras
United States District Judge